IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID PAUL KIRKIE, § § Plaintiff, § § v. § § WELLS FARGO BANK, N.A. and § WADDELL SERAFINO GEARY § RECHNER JENEVEIN, P.C., § § Defendants. § § | CIVIL ACTION NO. 3:21-cv-00400 |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and Waddell Serafino Geary Rechner Jenevein, P.C. ("Waddell Serafino") (collectively, "Defendants") remove this action from Justice Court, Precinct 3, Place 2, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, as follows:

### I.
### STATE COURT ACTION

1. On January 27, 2021, Plaintiff, David Paul Kirkie ("Plaintiff"), filed his Original Petition (the "Petition") in Justice Court, Precinct 3, Place 2, Dallas County, Texas, in an action styled and numbered *David Paul Kirkie v. Wells Fargo Bank, N.A. and Waddell Serafino Geary Rechner Jenevein, P.C.*, Cause No. JS2100055N (the "State Court Action").

2. In the State Court Action, Plaintiff seeks damages and other relief for alleged violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (the "FDCPA"), and the Texas Debt Collection Act (the "TDCA"). *See generally* Petition.

3. Wells Fargo was served with a citation and a copy of the Petition on or about January 28, 2021. Waddell Serafino was served with a citation and a copy of the Petition on or about January 29, 2021. Therefore, this Notice of Removal is timely filed because it is filed within 30 days of service on the Defendants. *See* 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4. Defendants remove the State Court Action to this Court on the basis of federal question jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

6. The United States District Court for the Northern District of Texas, Dallas Division, has original jurisdiction over this action based on federal question jurisdiction because the Petition asserts claims arising under federal law, *see* 28 U.S.C. § 1331.

7. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials[1]:

| | | |
|---|---|---|
| **Exhibit A** | | Index of Matters Being Filed; |
| **Exhibit B** | | Civil Cover Sheet; |
| **Exhibit C** | | Supplemental Civil Cover Sheet; |
| **Exhibit D** | | Plaintiff's Original Petition (filed in state court on January 27, 2021); |
| **Exhibit E** | | Defendants' Original Answer (filed in state court on February 11, 2021); and |
| **Exhibit F** | | Citations. |

---

[1] As of the date of filing of this Notice of Removal, a copy of the entire file of the State Court Action is not yet available from the State Court despite repeated requests for a copy of the entire file. Defendants intend to supplement this filing with a copy of the entire file from the State Court when such file is available.

8.      Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in Justice Court, Precinct 3, Place 2, Dallas County, Texas, pursuant to 28 U.S.C. § 1446(d).

### III.
### FEDERAL QUESTION JURISDICTION

9.      The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  *See* 28 U.S.C. § 1331.  A case may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

10.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States.  Specifically, Plaintiff alleges a violation of FDCPA.  *See* Petition ¶¶ 26-32.  FDCPA expressly grants this Court original jurisdiction to hear such a claim.  *See* 15 U.S.C. § 1692k(d); *Hingst v. Providian Nat'l Bank*, 124 F. 2d Supp. 449, 451 (S.D. Tex. 2000) (finding it indisputable that an FDCPA claim gives rise to federal question jurisdiction).  Thus, Plaintiff alleges violations of federal law, and his right to relief will necessarily depend upon the resolution of federal law.  Accordingly, this Court has federal question jurisdiction.

### IV.
### SUPPLEMENTAL JURISDICTION

11.     This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of

supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

12.     It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806.  Here, Plaintiff's state law claims share a common nucleus of operative facts with his federal claims in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct relating to debt collection effects by Defendants. *See* Petition ¶¶ 15-26.  Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## V.
## CONCLUSION

WHEREFORE, Defendants remove this action from Justice Court, Precinct 3, Place 2, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Vincent J. Hess*
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Vincent J. Hess**
State Bar No. 09549417
vhess@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
aanthony@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record *via electronic notice and/or electronic mail and/or facsimile and/or certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 24th day of February, 2021:

Shawn Jaffer
**SHAWN JAFFER LAW FIRM PLLC**
Email: shawn@jaffer.law
13601 Preston Rd E770
Dallas, Texas 75240

*/s/ Vincent J. Hess*
Counsel for Defendants